UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>CELSO LOPEZ-ROJO,<br><br>        Defendant. | CASE NO.   07-21M<br><br>DETENTION ORDER |

Offense charged:

    Count I:    Conspiracy to Distribute Methamphetamine, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A), and 846

Date of Detention Hearing: January 25, 2007

    The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Susan Roe. The defendant was represented by Kenneth Kanev.

DETENTION ORDER
PAGE -1-

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause found in the Complaint (preliminary hearing is pending) to believe the defendant committed the drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons. Under Title 18 § 3142 (g), the Court considered the following:

   (a) <u>The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug</u>. Here the offense alleges that the defendant participated in a conspiracy to distribute cocaine, thereby involving more than one person in the illegal activity.

   (b) <u>The weight of the evidence</u>. Federal agents witnessed the defendant's involvement in a hand-to-hand delivery of cocaine.

   (c) <u>The history and characteristics of the person</u>. The defendant appears to only have ties to this jurisdiction for the purpose of facilitating the distribution of cocaine. The residence is in the name of his sister, although he and his girlfriend reside there. A handgun was found in the same residence, although there appears to be no record of his lawful ownership of the gun. He has no current lawful employment.

   (d) <u>Risk of danger to the community</u>. Risk to the community is inherent in the nature of the drug conspiracy. Here the defendant and his brother resided in the same apartment complex and in

nearby apartments. Federal agents often observed both men traveling between the two apartments, thereby increasing the likelihood of danger to other residents.

Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 26th day of January, 2007.

MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-